IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROY DURKEE,                           :
                                      :
            Plaintiff,                :
                                      :        No. 06-cv-1100
      v.                              :
                                      :        Judge John E. Jones III
MICHAEL LEICESTER,                    :
                                      :
            Defendant.                :

## MEMORANDUM

### September 2 7, 2007

This Memorandum addresses whether proper service has been effected in

this action, pursuant to the Court's order of March 21, 2007 requiring proof of

service under Rule 4(m).  Because the Court finds that service has not been

properly made, this action shall be dismissed without prejudice.

## I.    BACKGROUND

On May 31, 2006, Plaintiff Roy Durkee filed a complaint with this Court.[1]

(Doc. 1.)  The complaint named as the only defendant "Michael Leicester Working

---

[1] Although titled a "complaint," Durkee's submission is, in fact, a five-page letter
addressed to the Chief Judge of this district.  The letter contains no caption or numbered
paragraphs as required by Federal Rule of Civil Procedure 10 and fails to specify what claims
Durkee may be attempting to pursue or the relief he seeks.  Pro se complaints must be liberally
construed, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and the Court is not unsympathetic
to Durkee's alleged hardship.  Even under the most liberal construction, however, the Court
would be hard pressed to parse Durkee's letter into legally cognizable claims.

Head of Commonwealth of Pennsylvania Department of Conservation & Natural Resources Bureau of Forestry." (*Id.*)  On that date a summons was issued as to Michael Leicester and provided to Durkee to effect service.

On March 21, 2007, after no proof of service had been filed and no appearance entered on behalf of the defendant, this Court issued an order pursuant to Federal Rule of Civil Procedure 4(m) requiring proof of service to be filed within thirty (30) days and warning that, unless proof of service was provided, the action would be dismissed. (Doc. 3.)

On April 17, 2007, Plaintiff filed a certified mail green card as purported proof of service. (Doc. 4.)  The return receipt showed that the article of mail had been addressed to "Dept. of Natural Resources, 400 Market St., Harrisburg, PA 17101." (*Id.*)

## II.    DISCUSSION

Federal Rule of Civil Procedure 4(e) provides plaintiffs two options for effecting service upon individuals.  First, the plaintiff may serve the summons and complaint pursuant to the law of the state in which the district court is located or the law of the state in which service is effected.  Fed. R. Civ. P. 4(e)(1).  Second, the plaintiff may deliver a copy of the summons and complaint to the individual personally, or by leaving copies at his home with someone of suitable age who

2

resides there.  Fed. R. Civ. P. 4(e)(2).  In this case, Durkee attempted service in Pennsylvania by certified mail, not in person, and therefore, service is only proper if allowed under Pennsylvania law.

As an initial matter, Durkee's service is improper because the certified mail was not addressed to Michael Leicester.  The return receipt indicates only that the article was delivered to "Dept. of Natural Resources," and, although Leicester purportedly works for that department, there is no indication that he received the summons and complaint.

Even if the certified mail had been addressed to Leicester, however, service would still be improper because Pennsylvania law does not allow service upon individuals by certified mail.  In Pennsylvania, "original process shall be served within the Commonwealth only by the sheriff," Pa. R. Civ. P. 400, and only by hand delivery to the defendant, an adult member of his family, or the person in charge of the defendant's usual place of business, Pa. R. Civ. P. 402. Pennsylvania law is clear that sending initial process by certified mail is improper. *See, e.g., Cahill v. Schults*, 643 A.2d 121, 125 (Pa. Super. Ct. 1994); *Nanyonga v. I.N.S.*, 200 F.R.D. 503, 505 (M.D. Pa. 2001).  Here, Durkee's service by certified mail was improper under Pennsylvania law, and therefore, improper under Federal Rule 4(e)(1).

To the extent that Durkee intended to name the Pennsylvania Department of Conservation & Natural Resources itself as a defendant, his service is also improper. Federal Rule of Civil Procedure 4(j)(2) requires that service on a state government organization be effected by hand delivery of a copy of the summons and complaint to the chief executive officer of the organization or in the manner prescribed by state law. Again, because Durkee did not effect personal service, his service is only proper is allowed by Pennsylvania law. Pennsylvania Rule of Civil Procedure 422 provides that service of a Commonwealth department "shall be made at the office of the defendant and the office of the attorney general by handing a copy to the person in charge thereof." Thus, Durkee's service of the Department by certified mail was improper.

## III.   CONCLUSION

Federal Rule of Civil Procedure 4(m) states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court...on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Because Durkee has not properly effected service, pursuant to Rule 4(m) and this Court's March 21, 2007 order, this action shall be dismissed. Dismissal is without prejudice to Durkee's right to re-file his case attempt to make proper service on the correct

4

defendants.[2] An appropriate order shall enter this same date.

---

[2] Should Durkee choose to re-file his case, the Court directs his attention to the Federal Rules of Civil Procedure generally, and in particular Rules 8 and 10. Rule 8(a) requires a complaint to contain the grounds for the court's jurisdiction, a short and plain statement of plaintiff's claim showing he is entitled to relief, and a demand for the relief the plaintiff seeks. Rule 10 requires a complaint to include a caption that states the names of all parties and numbered paragraphs that are limited, as far as practicable, to a statement of a single set of circumstances. The Court further directs Durkee's attention to the Rule's appendix of forms.